FILED
John E. Triplett, Acting Clerk
United States District Court

*By mgarcia at 9:37 am, Nov 30, 2020*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| FREDDIE LEWIS IRVIN, <br><br> Plaintiff, <br><br> v. <br><br> JEFF COLEMAN, et al., in their individual and official capacities, <br><br> Defendants. | CIVIL ACTION NO.: 5:20-cv-5 |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 10.[1]  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's official capacity monetary damages claims against Defendants.  However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of the following claims by separate Order: Plaintiff's Eighth Amendment claim for cruel and unusual punishment against Defendants Coleman, Johnson, Glover, Taylor, and Spradly; and Plaintiff's Eighth Amendment failure to intervene claim against Defendants Coleman and Johnson.

---

[1] Plaintiff initially filed a Complaint on January 13, 2020.  Doc. 1.  Plaintiff then filed his First Amended Complaint on January 15, 2020.  Doc. 3.  On March 13, 2020, Plaintiff filed his Second Amended Complaint.  Doc. 10.  "As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading."  Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Can., 674 F.2d 1365, 1370 n.6 (11th Cir. 1982).  Accordingly, this Court, in conducting its review under § 1915A, will only consider the allegations of Plaintiff's Second Amended Complaint.  See Schreane v. Middlebrooks, 522 F. App'x 845, 847 (11th Cir. 2013) ("The district court did not err in considering [pro se prisoner's] Amended Complaint to supersede his Initial Complaint.").

## PLAINTIFF'S CLAIMS[2]

Plaintiff is currently incarcerated at Ware State Prison and seeks to bring claims for cruel and unusual punishment against Defendants in their individual and official capacities. Doc. 10 at 3. He states on May 11, 2019, while at Ware State Prison, Defendant Spradly ordered Plaintiff to be locked in the "H-Building Yard Pen" as punishment for "talking back." Id. at 10. Defendants Glover and Taylor then escorted Plaintiff to the yard pen, leaving him exposed to the hot weather, without food, water, or use of a toilet for more than five hours. Id. Plaintiff alleges Defendants Coleman and Johnson knew of and approved his punishment. Id. at 11. Additionally, Defendants Coleman and Johnson could have intervened and stopped Defendants Glover, Taylor, and Spradly from locking him in the yard pen, but instead did nothing. Id. at 11–12. Plaintiff seeks punitive and compensatory damages from Defendants. Id. at 13.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520

---

[2] All allegations set forth here are taken from Plaintiff's Second Amended Complaint. Doc. 10. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

(1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

Plaintiff is suing all Defendants in both their individual and official capacities.  Doc. 10.  Plaintiff, however, cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983.  Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of Georgia's Department of Corrections.  The Eleventh Amendment immunizes Defendants from suit for monetary damages in their official capacities.  Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against

Defendants in their official capacities for monetary relief. Accordingly, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants in their official capacities under § 1983.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's official capacity monetary claims against Defendants. However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order: Plaintiff's Eighth Amendment claim for cruel and unusual punishment against Defendants Coleman, Johnson, Glover, Taylor, and Spradley; and Plaintiff's Eighth Amendment failure to intervene claim against Defendants Coleman and Johnson.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

4

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 30th day of November, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA