FILED
John E. Triplett, Acting Clerk
United States District Court

By STaylor at 4:26 pm, Dec 16, 2020

# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| FREDDIE LEWIS IRVIN, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:20-cv-5 |
| | * | |
| v. | * | |
| | * | |
| JEFF COLEMAN, et al., | * | |
| | * | |
| Defendants. | * | |

## O R D E R

Before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated November 30, 2020. Dkt No. 21. In the Report, the Magistrate Judge recommended the Court dismiss Plaintiff's claims against Defendants in their official capacities but allowed Plaintiff to proceed with his Eighth Amendment claims against Defendants in their individual capacities. Dkt. No. 19, p. 1. In his Objections to the Report, Plaintiff asserts the Magistrate Judge mischaracterizes one of his claims and mis-cited his Complaint. Dkt. No. 21, pp. 1-2. Upon review, it appears the Magistrate Judge's characterization and citations are correct. Plaintiff is advised the Magistrate Judge cites to the page number, rather than paragraph number, in his Report.

Further, Plaintiff argues the official capacity claims against Defendants should not be dismissed but offers no further explanation. Id. at p. 3. Plaintiff's Objection on this point is conclusory and unsupported and, therefore, is **OVERRULED**.

Finally, Plaintiff objects to the Magistrate Judge's failure to consider his First Amendment claim. Id. at pp. 2-3. In his Second Amended Complaint, Plaintiff alleges Defendants Glover, Taylor, and Spradly violated his First Amendment rights by punishing Plaintiff for "talking back." Dkt. No. 10, p. 10. Specifically, Plaintiff alleges Defendant Spradly punished him by locking him in his cell, and Defendants Glover and Taylor punished Plaintiff by placing him in the "H-Building Yard Pen."[1] The Magistrate Judge construed these allegations as supporting an Eighth Amendment claim against these Defendants. Dkt. No. 19, pp. 1-2. Plaintiff does not object to this characterization but contends these allegations also support a First Amendment retaliation claim against Defendants Glover, Taylor, and Spradly. Indeed, Plaintiff did mention the First Amendment at the conclusion of his Second Amended Complaint. Dkt. No. 10, p. 13. Thus, on this point, the Court **SUSTAINS** Plaintiff's

---

[1] The Magistrate Judge construed Plaintiff's allegations to assert Defendant Spradly ordered Plaintiff to be locked in the Yard Pen. Dkt. No. 19, p. 2. However, in his Objections, Plaintiff states Defendant Spradly did not order him to be placed in the Yard Pen, but "Defendant Spradly had Defendants Glover and Taylor, to put [him] in the 'H-Building Yard Pen.'" Dkt. No. 21, p. 1. The distinction is unclear, and, in any case, is immaterial to Plaintiff's Objections.

2

Objection. Plaintiff is permitted to proceed against Defendants Glover, Taylor, and Spradly on a First Amendment retaliation claim. The Court has already ordered service on these Defendants, so no additional service is necessary. However, Defendants Glover, Taylor, and Spradly are reminded that, by this Order, the Court has authorized Plaintiff to proceed on the retaliation claim against them.

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES in part** Plaintiff's Objections. The Court **DISMISSES** Plaintiff's official capacity claims against Defendants for monetary damages. Additionally, the Court **SUSTAINS** Plaintiff's objections regarding his First Amendment claim against Defendants Glover, Taylor, and Spradly.

SO ORDERED, this ___16___ day of ___December___, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)